NOT DESIGNATED FOR PUBLICATION

No. 124,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/
KANSAS CITY, KANSAS,
*Appellee*,

v.

NAJEE ABDULLAH, ET AL.,
*Defendants*,

(GOODMATH, INC., c/o SANTOS ORNELAS, REGISTERED AGENT),
*Appellant*,

v.

(TAX SALE PURCHASER),
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed July 22, 2022.
Affirmed.

*John Ivan*, of Shawnee Mission, for appellant.

*Wendy M. Green*, senior counsel, Unified Government of Wyandotte County/Kansas City,
Kansas, for appellee.

*Mary Ann Kancel*, of Mary Ann Kancel, Attorney, LLC, of Overland Park, for appellee.

Before ATCHESON, P.J., WARNER, J., and ANTHONY J. POWELL, Court of Appeals Judge,
Retired.

1

PER CURIAM:  The Wyandotte County District Court ordered and later confirmed the forced sale of a drinking establishment and the land on which it sits because the owner failed to pay property taxes for an extended period. GoodMath, Inc., the property owner, has appealed and alleges constitutional and evidentiary irregularities in the proceedings. We find no basis for reversing confirmation of the sale and, therefore, affirm the district court.

Santos Ornelas is the sole shareholder of GoodMath and appears to have been a principal in overseeing the bar that, at least up to the tax sale in late 2020, was known as the Brass Ring. GoodMath had a checkered record in paying property taxes on the Brass Ring during the decade leading up to the sale. Ornelas has offered various extenuating circumstances for the persistent delinquencies, although they are not legally germane to the issues at hand in this appeal. By the time of the tax sale, the delinquency had ballooned to about $70,000 including interest and penalties.

The Unified Government of Wyandotte County/Kansas City, Kansas initiated proceedings to sell the property and duly noticed GoodMath (and Ornelas, who was the registered agent for the corporation). GoodMath hired a lawyer to represent its interests in the sale proceedings. The Unified Government agreed to postpone the sale so Ornelas could make a payment on the delinquency and effectively secure more time to bring the property taxes current. The district court informed the parties it would otherwise reset the property for tax sale. The delinquency remained unsatisfied, so the district court entered an order in October 2020 setting a new date for the tax sale. Notice of the sale was duly published in the *Wyandotte County Echo*.

As we indicated, the sale occurred in December 2020, and the district court promptly entered an order confirming the sale. The successful bidder has since participated in this case and submitted an appellate brief in support of the district court's order. GoodMath filed a motion in the district court to set aside the tax sale, raising

2

multiple objections to the process. The district court held a hearing on the objections in May 2021 at which Ornelas testified. About three weeks later, the district court filed a journal entry denying the objections and again confirming the sale. GoodMath has appealed that ruling.

First, GoodMath claims a due process violation on the grounds neither it nor Ornelas received actual notice of the rescheduled date for property tax sale in December 2020. GoodMath contends the lack of notice deprived it of an opportunity to protect its interests or otherwise challenge the sale beforehand or to object to the confirmation afterward. The Fourteenth Amendment to the United States Constitution requires due process—fair notice and an opportunity to be heard—before a state government or one of its political subdivisions deprives a person of a liberty interest or a property right. The purpose is to avert a wrongful deprivation of such an interest or right. *State v. Gonzalez*, 57 Kan. App. 2d 618, Syl. ¶ 1, 457 P.3d 938 (2019); see *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"). A property owner has a due process right to be heard during tax sale proceedings.

Due process is an especially flexible constitutional concept in that the nature and scope of the hearing procedures depend upon the particular interest or right at stake. The greater the interest or right the more elaborate the process due before the government deprivation becomes irrevocable. *Gonzalez*, 57 Kan. at 623. Constitutionally acceptable due process almost invariably includes at least some opportunity to be heard before the deprivation, even if there is a more elaborate post-deprivation hearing to correct an erroneous government action. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 13-16, 98 S. Ct. 1554, 56 L. Ed. 2d 30 (1978) (termination of public utility service for nonpayment); *Carmody v. Board of Trustees of University of Illinois*, 747 F.3d 470, 475 (7th Cir. 2014) (termination of public employment).

But a due process violation in the ether having no material adverse effect on the ground requires no relief and, therefore, commands no remedy. In short, a procedural due process violation may amount to harmless error. *In re Henderson*, 306 Kan. 62, 76-77, 392 P.3d 56 (2017). We approach GoodMath's due process claim from that angle. We assume without deciding that GoodMath was denied a constitutionally required opportunity to be heard in October 2020 when the district court set a new tax sale date.

Notwithstanding our assumption, GoodMath has outlined no tangible constitutional injury. GoodMath presented its objections to the tax sale to the district court after the December 2020 sale and received an evidentiary hearing on them. In turn, GoodMath has not shown its opportunity to be heard was somehow inadequate, either by unfairly limiting the evidence or arguments on its stated objections or by precluding other objections altogether. At the constitutional worst, GoodMath received an adequate due process hearing that came later in the tax sale proceedings than it should have. As a property owner, the company had a fair opportunity to prove why the sale should not have taken place, and the opportunity came before the property was irretrievably lost. Any due process violation was, under the circumstances, a matter of timing rather than substance and can be no more than a harmless error.

Apart from the constitutional claim, GoodMath has raised several substantive factual points on appeal and what it characterizes as an equitable claim for relief:

• GoodMath contends the Brass Ring and the land were consistently over valued for property tax purposes. Erroneous appraisals, however, are not a defense to a tax sale for delinquent payment. The appropriate remedy is a timely challenge to the appraisal itself. See K.S.A. 79-1448. The claim, even if true, misses the mark as a challenge to the sale.

• At the objections hearing, Ornelas testified that he made a $7,000 payment on the property tax liability in May 2019 that the Unified Government never credited. Apart from that testimony, neither GoodMath nor Ornelas offered any evidence of the payment, such as a cancelled check, a receipt, or other documentation. The Unified Government suggested Ornelas may not have understood that any such payment would have been applied to interest and penalties before the unpaid principal, so the amount of unpaid taxes would not have been significantly reduced.

Moreover, GoodMath's claim goes to the *amount* due and not the existence of a delinquency permitting the tax sale. Even if a $7,000 payment were uncredited, that would not be grounds to void the sale, since the tax liability still would have been more than $60,000. At the hearing, Ornelas testified he was prepared to make an immediate payment of $20,000 and expected to make additional payments going forward. Again, a partial reduction (even a substantial one) in the indebtedness cannot stave off a property tax sale. Ultimately, Ornelas' offer effectively established he and GoodMath were not in a financial position to satisfy the debt—a key issue before the district court in upholding the sale. See K.S.A. 79-2803 (property owner may redeem land before tax sale by paying amount owed).

• GoodMath argued in the district court that the Unified Government agreed to an extended payment plan and to forbear on any tax sale when it agreed to cancel the initial sale. The district court found that the GoodMath and the Unified Government simply agreed to defer the sale to allow Ornelas a limited extension to satisfy the delinquency in full. When that didn't happen, the Unified Government could proceed with the tax sale. No documentary evidence supported GoodMath's assertion of a payment plan. On appeal, GoodMath has not shown the district court erred in its determination.

• GoodMath now contends the district court erred in denying its request for "equitable" relief from the tax sale. In making this argument, GoodMath does not rely on

established equitable doctrines, such as promissory estoppel or misrepresentation coupled with detrimental reliance. Rather, the company essentially lays out a history of what might be considered bad luck contributing to its inability to pay the property taxes. GoodMath pointed to a settlement agreement in a civil action in which a third party agreed to pay the property taxes on the Brass Ring for 2014 and 2015 and never did. GoodMath submitted that trying to enforce the settlement agreement would have been cost prohibitive. Likewise, the company submitted the Brass Ring's revenue has dropped markedly during the COVID-19 pandemic, impairing its ability to meet various financial obligations including the tax liability.

Although those circumstances suggest GoodMath's failure to pay the property taxes may entail less than an entirely deliberate choice to stiff the Unified Government, they do not support any recognized equitable doctrine that would excuse the payments. Misfortune, however undeserved, is not itself a ground for equitable relief. GoodMath cites no statutory or case authority calling for a different rule in this case or in property tax sales generally. Absent such support, we chalk the argument up to unpersuasive wishful thinking. Cf. *Garetson Brothers v. American Warrior, Inc.*, 56 Kan. App. 2d 623, 647, 435 P.3d 1153 (2019) (argument unsupported by relevant authority or explanation of why it should be accepted absent such authority is deemed waived, i.e., effectively no argument at all).

Having examined the points GoodMath has raised on appeal, we find no basis for reversing the district court's order denying the motion to set aside the property tax sale. The district court's confirmation of the sale stands.

Affirmed.